IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA ASHACK, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>CALIBER HOME LOANS, INC.,<br><br>                      Defendant. | NO. 1:15-cv-01069-JMS-DML<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable Jane E. Magnus-Stinson |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT CLASS

WHEREAS, on or about January 19, 2017, the Parties entered into a Settlement Agreement and Release ("Agreement"), which sets forth the terms and conditions of the settlement and release of certain claims against Defendant Caliber Home Loans, Inc. (hereinafter "Defendant"); the Court having reviewed and considered the Agreement and all of the filings, records, and other submissions; the Court finds upon a preliminary examination that the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Settlement Class in order to confirm that the settlement is fair, reasonable, and adequate, and to determine whether the Settlement Order and Final Judgment should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing").

**THEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2. The Court finds that (a) the Agreement resulted from arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the members of the Settlement Class.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified as follows:

> All persons or entities in the United States who, on or after July 9, 2011 to the date this action is finally approved, received a call to their cellular telephone line through the use of an automatic telephone dialing system or an artificial or prerecorded voice made by or on behalf of Defendant.

The Settlement Class does not include any persons who validly request exclusion from the Class.

4. For purposes of settlement only, the Court hereby appoints Plaintiff Rebecca Ashack as "Class Representative" pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, this Class Representative has and will fairly and adequately protect the interests of the Settlement Class.

5. For purposes of settlement only, the Court appoints the attorneys at Terrell Marshall Law Group PLLC, The Frasher Law Firm, P.C., and Saeed & Little, LLP as Class Counsel and finds that Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

6. The Court preliminarily finds that the Agreement is fundamentally fair, adequate, and reasonable, and that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as follows:

  a. The number of members in the Settlement Class appears to be so numerous that joinder of all members is impracticable;

  b. There appear to be common questions of law and fact;

  c. The claims of the Class Representative appear to be typical of the claims of the Settlement Class;

  d. The Class Representative and Class Counsel appear to be able to fairly and adequately represent and protect the interests of the Settlement Class;

  e. The questions of law and fact common to the members of the Settlement Class appear to predominate over individual questions of law and fact; and

  f. A class action settlement appears to be superior to other methods of adjudication.

  7. The Court appoints Kurtzman Carson Consultants as the Claims Administrator, who shall fulfill the functions, duties, and responsibilities of the Claims Administrator as set forth in the Agreement and this Order.

  8. The Court approves the proposed forms of notice and notice plan for giving direct notice to the Settlement Class by U.S. Mail as set forth in the Agreement and its attached exhibits ("Notice Plan").  The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto.  The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Agreement, the right to object to the settlement and to exclude themselves from the Settlement Class, and the process for submitting a claim for monetary relief.

9. Pursuant to the Agreement, the Claims Administrator shall provide individual notice via U.S. Mail to the most recent mailing address of the Settlement Class no later than **February 23, 2017**, which is thirty (30) days following entry of this Order.

10. Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Claims Administrator in writing no later than **April 24, 2017** ("Opt-Out Deadline"), which is sixty (60) days after the date notice is sent to the Settlement Class. All such writings must be signed, and if mailed, must be postmarked no later than the Opt-Out Deadline.

11. Any Settlement Class Member who desires to object to the fairness of this settlement must file a written objection with the Court by **April 24, 2017** ("Objection Deadline"), which is sixty (60) days from the date notice is mailed to the Settlement Class. The objection must provide the objector's name, address, cellular telephone number at which the calls were received, and the reason(s) for the objection.

12. Anyone who properly objects, as described herein, may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense. Such objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of appearance with this Court no later than ten (10) days prior to the Final Approval Hearing. Any member of the Settlement Class who fails to comply with this provision shall waive and forfeit any and all rights to appear and/or object separately, and shall be bound by the terms of this settlement and the orders and judgments of this Court. Class Counsel shall file responses to any valid objections no later than fourteen (14) days prior to the Final Approval Hearing. Defendant's counsel also may file responses, but no later than fourteen (14) days prior to the Final Approval Hearing.

13. The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit A to the Agreement. A properly executed Claim Form must be submitted as required in the Notice over the Internet or postmarked by a date specified in the Class Notice.

14. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a hearing will be held before this Court to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether the Settlement Order and Final Judgment under this settlement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for a service award to the class representative; to consider the distribution of the Settlement Fund pursuant to the Agreement; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Settlement Order and Final Judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members.

15. The Final Approval Hearing is scheduled for **May 31, 2017 at 10:00 a.m.** in Room 307, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.

16. All memoranda and other submissions in support of the Settlement shall be filed no later than fourteen (14) days prior to the Final Approval Hearing, including proof of compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

17. All notice and Settlement Administration expenses shall be paid from the Settlement Fund pursuant to the Agreement.

18. On or before thirty (30) days after the Notice Date, Class Counsel shall file and serve an application for an award of attorneys' fees and out-of-pocket costs, and an application for service awards to Plaintiff. The application shall be posted on the Settlement Website within twenty-four hours after the day it is filed.

19. On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval and responses to any objections.

20. All members of the Settlement Class will be bound by all orders pertaining to the settlement unless such persons request exclusion from the Settlement Class. Members of the Settlement Class who do not timely and validly request exclusion shall be so bound, even if they have previously or subsequently initiated individual litigation or other proceedings against the Released Parties relating to the Release Claims.

21. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this settlement.

22. This Order and the settlement are not admissions or concessions by Defendant of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

23. This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement this Settlement and issue a Final Approval Order and Judgment.

24. Pending final determination of whether the settlement should be approved, Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are

preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

25. If Final Approval does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the settlement, including, but not limited to, certification of the Settlement Class shall be automatically void, vacated, and treated as if never filed.

26. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

27. This Court retains jurisdiction to consider all further matters arising out of or connected with the settlement.  The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Settlement Class Members.

28. The following timeline will govern proceedings through the Final Approval Hearing:

| | |
|---|---|
| Seven (7) days after entry of this Order | Deadline to make the Settlement Website available |
| Thirty (30) days after entry of this Order | Deadline to mail notice |
| Sixty (60) days after entry of this Order | Deadline for Class Counsel to file fee petition and request for service awards |
| Ninety (90) days after entry of this Order | Deadline for Settlement Class Members to submit claims, exclusion requests, and objections |
| Fourteen (14) days before Final Approval Hearing | Deadline to file responses to objections and motion for final approval |
| At the court's convenience but no earlier than 120 days after entry of this order | Final Approval Hearing |

IT IS HEREBY ORDERED.

DATED this 24th day of January, 2017.

*[signature: Jane Magnus-Stinson]*

CHIEF JUDGE, U.S. District Court for the
Southern District of Indiana, Indianapolis Division

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system.