UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA ASHACK, *individually and on behalf of all others similarly situated*, )<br>)<br>*Plaintiff*, )<br>)<br>*vs.* )<br>)<br>CALIBER HOME LOANS, INC., )<br>)<br>*Defendant*. ) | No. 1:15-cv-01069-JMS-DML |

## **ORDER**

The Court held a Fairness Hearing in this matter on May 31, 2017. [*See* Filing No. 95.] An issue arose at the hearing for which the Court seeks clarification. Specifically, Objector David Tharp testified regarding telephone calls he received from Defendant Caliber Home Loans, Inc. ("Caliber") that appear to have been made to Mr. Tharp's home telephone rather than his cellular telephone. The Court notes that the Settlement Agreement in this matter defines "Released Claims" as follows:

> Released Claims means any claims, whether or not known, arising from the allegations made in this case, up to and including the date of final approval of the Settlement. Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor on the Effective Date. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:
>
>> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.
>
> Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations

on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

[Filing No. 82-1 at 14-15.]

The Court construes the definition of "Released Claims" in the Settlement Agreement as covering only claims raised in this litigation – *i.e.*, claims asserted under the Telephone Consumer Protection Act ("TCPA") related to calls made "using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, the Court construes the definition of "Released Claims" in the Settlement Agreement as not covering potential claims by Mr. Tharp related to calls Caliber made to his home telephone, rather than his cellular telephone.

To the extent that any party disagrees with the Court's analysis of the definition of "Released Claims" in the Settlement Agreement, they are **ORDERED** to file a Report setting forth their position by **June 7, 2017**. If a Report is not filed by that date, the Court will assume that the parties agree with the Court's analysis.

Date: June 1, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**