UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REBECCA ASHACK, *individually and on behalf of all others similarly situated,* | ) ) ) | |
| *Plaintiff,* | ) ) | No. 1:15-cv-01069-JMS-DML |
| *vs.* | ) ) | |
| CALIBER HOME LOANS, INC., | ) ) | |
| *Defendant.* | ) | |

## ORDER

Plaintiff Rebecca Ashack, individually and on behalf of all others similarly situated, asserts

claims in this action against Defendant Caliber Home Loans, Inc. ("Caliber") under the Telephone

Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Specifically, Ms. Ashack alleges that

Caliber placed telephone calls to her cellular telephone, and the cellular telephones of class

members, using an automatic telephone system, or autodialer. On January 24, 2017, after the

parties had conducted discovery and participated in a private mediation, the Court granted the

parties' Motion for Preliminary Approval of Settlement Class, and certified the following

settlement class:

> All persons or entities in the United States who, on or after July 9, 2011 to the date
> this action is finally approved, received a call to their cellular telephone line through
> the use of an automatic telephone dialing system or an artificial or prerecorded
> voice made by or on behalf of Defendant.

[Filing No. 85 at 2.] The Court preliminarily found the settlement to be "fundamentally fair,

adequate, and reasonable," and found that the settlement class met the requirements of Fed. R. Civ.

P. 23. [Filing No. 85 at 2-3.] The Court approved the form of notice proposed by the parties, and

the procedure by which notice would be given. [Filing No. 85 at 3-8.]

After administering the settlement, Ms. Ashack filed a Motion for Attorneys' Fees, Costs and Service Awards, [Filing No. 86], and an Unopposed Motion for Final Approval of Class Settlement and Response to Objection, [Filing No. 93].  The Court held a hearing on the motions on May 31, 2017, [*see* Filing No. 95], and also heard argument regarding an Objection to the settlement filed by David Tharp, [Filing No. 93-5].  The motions and the Objection are now ripe for the Court's decision.

## I.
### OBJECTION

On March 6, 2017, David Tharp sent an Objection to the settlement to the Claims Administrator in which he stated:

> As I understand the terms of the settlement, [Caliber] violated Federal Law, caused a severe amount of damage to my family and I, as a result they pay out $2,895,000. Attorney Fees are $900,000, a few other fees and administrator costs, and I can expect a check for somewhere between $70 and $100.  For anyone to believe that this is a fair and equitable settlement arrangement is to live in an alternative reality.

> On 17 May, 2016 I sent the President of [Caliber] a registered letter demanding they cease and desist with these harassing phone calls.  Most of the time, the calls were generated because the company failed to properly apply paid funds.  At a rate of 3 per day, 6 days a week for 10 months.  Federal guidelines and precedent cases estimate damages of $1,500 per call – that is $1,404,000 due and payable to me. Yet I should expect a check for between $70 and $100 then call it a day.

> To be sure, please accept the letter as the strongest objection possible to the terms and conditions of the settlement agreement….

[Filing No. 93-5.]

Mr. Tharp testified at the May 31, 2017 hearing, and described the telephone calls he received from Caliber.  Through his testimony, it became apparent that many, but not all, of the

calls at issue that Caliber placed were to Mr. Tharp's home telephone, and not his cellular phone.[1]

Because this litigation raises only TCPA claims, which necessarily involve telephone calls to

cellular telephones and not to home telephones, the Court suspected that Mr. Tharp's issues with

Caliber were not addressed by the proposed settlement.  In a June 1, 2017 Order, the Court noted

this, quoted language from the Settlement Agreement that defines "Released Claims," and stated

"[t]he Court construes the definition of 'Released Claims' in the Settlement Agreement as not

covering potential claims by Mr. Tharp related to calls Caliber made to his home telephone, rather

than his cellular telephone."  [Filing No. 96 at 2.]  The Court ordered that, to the extent any party

disagreed with the Court's analysis of the definition of "Released Claims" in the Settlement

Agreement, they were to file a Report setting forth their position by June 7, 2017, and that if a

Report was not filed by that date, the Court would assume that the parties agree with the Court's

analysis.  [Filing No. 96 at 2.]  No party has filed a Report to date, and so the Court assumes that

the parties agree that "Released Claims" would not cover claims Mr. Tharp may have against

Caliber related to telephone calls made to his home telephone – since those claims are not a part

of this litigation.  Accordingly, Mr. Tharp's objection is **OVERRULED AS MOOT**, and he may

raise any claims related to calls Caliber made to his home telephone in a separate lawsuit, subject

to applicable law.

**II.**
**SETTLEMENT AGREEMENT, ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD**

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court

finds the settlement to be "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  The Seventh

---

[1] This is also apparent from the following statement in Mr. Tharp's Objection: "If you have any questions, please contact me at [XXX-XXX-XXXX]….  That is my cell number, as the result of Caliber's harassing calls I had no other choice but to abandon my home telephone and cancel service."  [Filing No. 93-5.]

Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

After reviewing the Settlement Agreement and information presented regarding the administration of the settlement, and considering the information presented by counsel at the hearing, the Court finds that the settlement in this matter was reached in good faith and at arm's length, and is a reasonable compromise of the vigorously disputed issues in this case. Specifically, the Court notes the following:

- Plaintiff's counsel was diligent, and used all reasonable efforts, in attempting to locate class members;

- The response rate to the notices that were sent to the class members indicates that the method of notice was effective;

- The total settlement amount paid was the result of extensive negotiations between the parties;

- The settlement amount adequately reflects both the strengths and weaknesses of the parties' positions, including strengths and weaknesses in connection with class certification issues;

- Significant discovery took place leading up the settlement, and the parties participated in a private mediation;[2] and

- Only one class member filed an Objection to the settlement.

---

[2] The Court notes that Plaintiff's counsel's actual attorneys' fees in this matter through March 2017 were $267,744. [*See* Filing No. 88 at 14-16; Filing No. 89 at 10; Filing No. 90 at 4.] Of those fees, $189,846.50 were incurred before the parties engaged in a private mediation. [Filing No. 97.] The Court finds this significant because it indicates that counsel spent a significant percentage of the total time spent on this case engaging in discovery and assessing the strengths and weaknesses of Plaintiff's case in preparation for the mediation – as opposed to artificially racking up fees after it became apparent that settlement was the right course of action.

As for the amount of attorneys' fees and costs requested, the Seventh Circuit Court of Appeals has instructed district courts that the "ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman v. RadioShack*, 768 F.3d 622, 630 (7th Cir. 2014). The amount class members received does not include administrative and notice costs. *Id.* Here, the total settlement amount is $2,895,000. After subtracting administrative and notice costs ($285,000), attorneys' fees requested ($783,000), litigation costs ($29,060.37), and the service award paid to Ms. Ashack as the class representative ($4,500), the resulting amount is $1,793,439.63. The ratio of the fee requested by Plaintiff's counsel ($783,000) to the fee plus what the class members would receive ($783,000 + $1,793,439.63 = $2,576,439.63) is 30.39%. The Court finds that a ratio of 30.39% – representing the percentage of the total settlement value that the attorneys' fee request comprises – is reasonable under the circumstances here. *See Amadeck v. Capital One Fin. Corp. (In re Capital One Tel. Consumer Prot. Act Litig.)*, 80 F.Supp.3d 781, 804 (N.D. Ill. 2015) (finding after an extensive and instructive discussion that the market rate for attorneys' fees in TCPA class actions reflects 30% of the award to class members when the award is less than $10 million).[3]

The Court further finds that a service award of $4,500 to Ms. Ashack is reasonable. By all accounts, Ms. Ashack was involved in the litigation – meeting with counsel, sitting for a deposition, and participating in settlement discussions. The $4,500 award is well within the reasonable range in this type of case. *See, e.g.*, *Cook v. Neidert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming service award of $25,000 to named plaintiff). Additionally, Ms. Ashack's

---

[3] The court in *Amadeck* noted that an award of 36% of the recovery amount for attorneys' fees would have been reasonable in that case, due to risk factors related to defendant's liability. *Id.* at 807. As the parties discussed at the May 31, 2017 hearing, the outcome of this litigation was by no means a certainty, and each party faced risk.

participation resulted in a favorable settlement for class members. *Id.* ("In deciding whether [a service award] is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation").

Based on the foregoing, the Court finds that the amount of attorneys' fees ($783,000), costs ($29,060.73), and service award to Ms. Ashack for serving as the class representative ($4,500) are reasonable taking into account the circumstances of the case and the relevant ratio. Accordingly, the Court **GRANTS** Plaintiff's Unopposed Motion for Final Approval of Class Settlement, [Filing No. 93], and **GRANTS** Plaintiff's Motion for Attorneys' Fees, Costs and Service Awards, [Filing No. 86], as set forth below.

### III.
### CONCLUSION

In sum, the Court **OVERRULES AS MOOT** Mr. Tharp's Objection to the class action settlement, **GRANTS** Plaintiff's Unopposed Motion for Final Approval of Class Settlement, [Filing No. 93], and **GRANTS** Plaintiff's Motion for Attorneys' Fees, Costs and Service Awards, [Filing No. 86], to the extent that Plaintiff's counsel is awarded $783,000 in attorneys' fees and $29,060.73 in costs,[4] and a service award of $4,500 is approved for Ms. Ashack, all to be paid from the $2,895,000 settlement fund.

The Court notes that the Settlement Agreement is not intended to and does not prohibit a Class member from responding to inquiries posited by federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims as defined in the Settlement

---

[4] This amount differs from the $30,000 amount requested in the motion, but Plaintiff's counsel confirmed at the hearing that costs amounted to $29,060.73, not $30,000. The Court will not round up, but rather will award the actual amount incurred.

Agreement. Similarly, the Settlement Agreement is not intended to and does not prohibit a Class member from bringing their concerns to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims, provided that a Class Member is not attempting to revive any Released Claims.

This matter is **DISMISSED WITH PREJUDICE** and without fees, costs or disbursements to any party, except as provided in the Settlement Agreement as to Plaintiff's counsel's fees and costs and the service award to Ms. Ashack. Final judgment shall enter accordingly.

Date: 6/16/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

David O. Tharp
49 Old Farms Rd.
Willington, CT 06279